UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON MCCLELLAN,

                Plaintiff,

v.                                 Case No. 3:11-cv-360-J-34MCR

JOHN RUT[H]ERFORD,
et al.,

                Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Jason McClellan, an inmate of the Florida penal system proceeding in forma pauperis, initiated this action by filing a pro se Civil Rights Complaint (Complaint) (Doc. #1) under 42 U.S.C. § 1983 on March 17, 2011, pursuant to the mailbox rule. McClellan filed the action while he was an inmate of the pretrial detention facility (PTDF) and names the following individuals as the Defendants: (1) Sheriff John H. Rutherford; (2) Tara H. Wildes, Chief of PTDF; and (3) Captain Robin Sisac. Plaintiff alleges that the showers at PTDF are not equipped for inmates in wheelchairs, thus violating the Eighth Amendment and the Americans with Disabilities Act.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act, which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any section 1983 action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Houston v. Williams</u>, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).

As relief, Plaintiff requests that the Court order the Defendants to: (1) install a seat, shower hose, reachable shower button, and nonslip flooring in each shower, and (2) reprimand each Defendant by confining him to remain in a wheelchair for one week while on duty with no assistance from other officials "so each Defendant will feel what it is like for a handicap[ped individual] to struggle[.]" Complaint at 10-11. Since Plaintiff McClellan is no longer incarcerated at PTDF, the relief he seeks moots his case. <u>See</u> http://www.dc.state.fl.us/ActiveInmates (reflecting that Plaintiff is incarcerated at the Reception and Medical Center). "Neither of these grounds for relief presents the Court with a justiciable issue." <u>Rowan v. Harris</u>, 316 Fed.Appx. 836, 838 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter), <u>cert</u>. <u>denied</u>, 129 S.Ct. 500 (2008). Thus, since there is no longer a justiciable case or controversy regarding Plaintiff's request for injunctive relief, this Court cannot

provide any meaningful relief. Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The case is **DISMISSED without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2011.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 6/8
c:
Jason McClellan